IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No. 08-cv-00595-WDM-MJW

TAMMY L. CARR,

Plaintiff(s),

v.

UNION PACIFIC RAILROAD COMPANY,

Defendant(s).

MINUTE ORDER

    It is hereby ORDERED that Defendant Union Pacific Railroad Company's Motion to Compel Independent Medical and Psychiatric Examination (docket no. 16) is GRANTED.

    It is FURTHER ORDERED that the Plaintiff Tammy L. Carr shall submit to a full and complete independent medical examination by Jose L. Ochoa, M.D., Ph.D., D.Sc. In Portland, Oregon.

    It is FURTHER ORDERED that the Plaintiff Tammy L. Carr shall submit to a full and complete independent psychiatric examination by Ron Turco, M.D. in Portland, Oregon.

    It is FURTHER ORDERED that the Defendant Union Pacific Railroad Company shall pay all travel expenses for Plaintiff Tammy L. Carr to travel to Portland, Oregon to undergo the IMEs with Dr. Carr and Dr. Turco.

    It is FURTHER ORDERED that the parties shall meet forthwith to schedule the IMEs with Dr. Carr and Turco.

    It is FURTHER ORDERED that the IMEs with Dr. Carr and Dr. Turco shall take place on two (2) consecutive days.

    It is FURTHER ORDERED that each party shall pay their own attorney fees and costs for this motion.

    Plaintiff does not contest that Defendant is entitled to an independent medical examination. *See* pages 1 and 3 of Plaintiff's Opposition to Defendant UP's Motion to Compel Independent Medical and Psychiatric Examination (docket no. 21). On page 1,

Plaintiff states: ... "While Carr agrees that her physical condition is "in controversy" within the meaning of F.R.C.P. [sic] 35(a), and thus that a physical examination is appropriate, she does not agree that "good cause" exists to compel her attendance at the particular examination UP seeks."  On page 3, Plaintiff states: ... "Because she is alleging physical injuries, Carr does not per se object to participating in an independent medical examination relative to those injuries."

      That pursuant to Fed. R. Civ. P. 35(a), the court may order a physical and mental examination when those matters are in controversy.  The movant is required to show "good cause" and must specify the time, place, manner, conditions and scope of the examination, as well as the person or persons who will perform it.  Here, the court finds that Plaintiff's physical condition is in controversy and that Defendant has demonstrated "good cause" to have Plaintiff submit to a complete independent medical and psychiatric examination.  That Dr. Jose L. Ochoa is qualified to perform an independent medical examination on Plaintiff and Dr. Ron Turco is qualified to perform an independent psychiatric examination on Plaintiff.  That both Dr. Ochoa and Dr. Turco are located in Portland, Oregon.  The court further finds that the inconvenience to Plaintiff to have to travel to Portland, Oregon for the IMEs is not outweighed by the need for such IMEs noting that Defendant shall be required to pay all travel costs associated with Plaintiff's travel for the IMEs to Portland, Oregon. The IMEs should be conducted over two (2) consecutive days.

Date:  October 7, 2008